UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **HERBAL SUPPLEMENTS LLC,** | Case No. __1:25-cv-02882__ . |
| Plaintiff, | |
| ~ *versus* ~ | **ORIGINAL COMPLAINT FOR TRADEMARK INFRINGEMENT** |
| ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ | |
| **AND THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A TO THE COMPLAINT,**[1] | **JURY TRIAL DEMANDED** |
| Defendants. | |

Plaintiff **HERBAL SUPPLEMENTS LLC**, by and through Counsel, **BARUCH S. GOTTESMAN, ESQ.** of GOTTESMAN LEGAL PLLC with their Complaint against the Defendants **INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A TO THE COMPLAINT** and does respectfully allege:

---

[1] Upon assignment of a Judge to this matter, the Plaintiff will move to file this Complaint under seal, as well as a TRO against the Defendants including a freeze on their online sales and financial accounts. The reason why it is necessary to do so under seal (and to redact certain information in this Complaint in its original filing) is to prevent the Defendants (many based overseas) from learning of this suit, and using the time before any TRO is executed to remove funds from their accounts and/or to hide information about their infringement.

Therefore, the Plaintiff will proceed under the "Schedule A" format where information about the infringing Defendants under Seal until the TRO is executed, *See, e.g.*, ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER, at ¶¶ 8-9, *Life Vac LLC v. The Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associations Identified on Schedule A to the Complaint*, Case No. 1:24-cv-1443 (E.D.N.Y. Mar. 6, 2024)(Azrack, D.J. John M.)(Authorizing Sealing of Complaint and Schedule A pending execution of TRO) a*ccord* ORDER, *Trebco Specialty Products Inc. v. The Individuals, Corporations, Limited Liability Companies, Partnerships, And Unincorporated Associations Identified on Schedule A to the Complaint*, Case No. 1:22cv2729 (E.D.N.Y. May 11, 2022)(Cogan, D.J. Brian M.)(Granting Order to seal documents as being "necessary to effectuate the emergency relief by preventing Defendants from learning of these proceedings prior to the execution of a temporary restraining order").

I.   **NATURE OF THIS ACTION**



1.   

2.   Plaintiff is the assignee of the rights to market and enforce rights in the USPTO Registered Trademark

3. Plaintiff itself and through its affiliates and partners are the licensee, distributor and holder of rights to enforce the Mark in the United States for a wide array of ███████████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████.

4. Products practicing the Mark are widely available for sale at specialty food shops, including here in this District in the shadow of the Cadman Plaza Courthouse.

5. Products with the Mark are also sold throughout the United States, including in New York and this District to stores and the retail market through an independent website based on the Shopify platform, Amazon stores, and other online distribution.

6. ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████.

7. The Defendants identified in the Caption and listed on Schedule A, annexed to and incorporated by reference in this Original Complaint, are aware of the commercial success of Plaintiff's brand and are knowingly and willfully engaged in infringing sales using the Plaintiff's Mark throughout the United States, including in this District.

8. Even as this lawsuit is being filed, the Defendants continue to sell infringing and unauthorized products.

9. Plaintiff has been left with no option but to seek this Court's intervention to vindicate their rights to the Mark, to stop the onslaught of infringement and – on an emergency application to be filed when the Judge is assigned – to obtain a temporary restraining order and injunction that the Defendants cease their trademark violations, and to file this pleading under Seal until execution of the TRO.

10. In support of this Complaint, the Plaintiff respectfully alleges as follows:

## II.     THE PARTIES

*i.     Plaintiffs and their Intellectual Property*

11. Plaintiff ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ is a limited liability company organized and existing under the laws of the State of New Jersey.

12. To the extent that it is relevant for diversity purposes, ▮▮▮▮▮▮▮▮ is a resident of ▮▮▮▮▮▮▮▮▮▮ and not of any state in the United States.

13. ▮▮▮▮ has been assigned rights by the owner of the Trademark for the purpose of marketing and sales in the United States, and for the purpose of enforcing infringement against those who misuse the Mark.

14. The Marks at issue include:

| Mark | USPTO Number | Trademark Status |
|------|--------------|------------------|
| ▮▮▮▮ | ▮▮▮▮ | ▮▮▮▮ |

- 5 -



      **b.**     **Defendants**



18. ███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████

19. ███████████████████████████████████
███████████████████████████████████████
██████████████████████████████████████.

20. ███ ████ ███ ██ ██ ████████ █ █
███████████████████████████████████████
███████████████

21. ███ ████ ██ ███ █████ █ █
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████

22. ████████████████████████████████
███████████████████████████████████████
██████████████████████████████████████.

23. Defendants **THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A TO THE COMPLAINT** ("Schedule A") are upon information and belief, individuals, corporations, limited liability companies, partnerships and/or unincorporated associations organized under the law of some foreign and/or domestic state.

24. Each of the Schedule A Defendants are engaged in infringement as shown with their listing on Schedule A.

25. Each of the Defendants market to and offer for sale infringing products in New York.

### iii. *Defendants' Co-Liability and Piercing the Corporate Veil:*

26. Each of the Defendants face direct liability for their actions and failure to act, as described in this Complaint.

27. Additionally and/or in the alternative, upon information and belief, at all times relevant to the acts and omissions that gave rise to this Complaint, the Defendants had express authority to act as each other's agents, and acted in concert when they infringed the Plaintiff's Trademark and engaged in the wrongdoing and all other activities related to the allegations in this Complaint.

28. Additionally and/or in the alternative, upon information and belief, at all times relevant to the acts and omissions that gave rise to this Complaint, Defendants were under common control, were affiliates, parent and subsidiary companies, agents, representatives, co-venturers, and otherwise alter-egos of one another.

29. In addition, Defendants are in possession of full information about their relationship with one another and co-liability. Plaintiffs, therefore, respectfully reserve the right to seek leave, to the extent leave is required, to file an Amended Complaint further detailing the Parties' relationship and co-liability for the tortious activity described in this Complaint.

**JURISDICTION AND VENUE**

30. This is an action for federal trademark infringement and false designation of origin pursuant to 15 U.S.C. §§ 1114, 1116, 1117 and 1125(a) and other relevant provisions of federal trademark law; as well as unfair competition and interference with business advantage under New York's common law.

31. This Honorable Court has subject matter jurisdiction over the dispute pursuant to 15 U.S.C. § 1121; as well as 28 U.S.C. §§ 1331, 1332 and 1338, and other relevant provisions of federal law.

32. This Honorable Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the accompanying state law claims because those claims are so related to the federal claims that they form part of the same case or controversy.

33. Defendants are subject to personal jurisdiction in the Eastern District of New York, because they direct their business activities at issue in this Complaint toward consumers within the State of New York and the Eastern District of New York, in particular. This direction of business activity includes but is not limited to the advertisement, offering for sale, and selling of infringing products to consumers in New York and in the Eastern District of New York, and the fulfillment of test sales in the State of New York.

34. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 since Defendants are causing harm to the Plaintiff within this district. Defendants have also transacted business in this District at issue in this Complaint including but not limited to the advertisement, offering for sale, and selling infringing products to consumers in the Eastern District of New York, and the fulfillment of test sales in this District.

## FACTUAL BACKGROUND

*i.   Background of the ▇▇▇ Mark*

35. ▇▇▇

36. ▇▇▇

37. ▇▇▇

38. ▇▇▇

*ii.   ▇▇▇ Bogus Trademark Application and Corporation Name*

39. ▇▇▇

████████████████████████████████████████████
███████████

40. That application (the "Infringing Mark") was filed with actual knowledge of the Plaintiff's IP and with the intent to exploit the good will and reputation of the Plaintiff for the sale of competing and similar products and goods.

41. ████████████████████████████████████
████████████████████████████████████████████
████████████████████████

42. ████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████

### iii. All Defendants' Infringing Sales

43. All of the Defendants are currently engaged in the sale of products while infringing the Plaintiff's Mark as shown at Schedule A and will be elucidated further in the Motion for a Temporary Restraining Order to be filed upon assignment of a Judge to this matter.

44. Upon information and belief, those other Defendants are related to and/or are selling products through or with ███████ and related parties.

## First Cause of Action
## Lanham Act – Counterfeiting and Infringement

45. Plaintiff repeats, re-alleges and incorporates by reference all relevant allegations described above in this Complaint, as if they were fully set forth here.

46. This is an action for trademark infringement against Defendants based on their use of counterfeit and confusingly similar imitations of goods bearing the ▮▮▮▮ Marks in commerce in connection with the promotion, advertisement, distribution, sale and offering for sale of ▮▮▮▮.

47. Defendants are promoting and otherwise advertising, selling, offering for sale and distributing ▮▮▮▮ that infringe on Plaintiffs' Marks. Defendants are continuously infringing the Plaintiffs' Marks by using the ▮▮▮▮ to advertise, promote, and sell ▮▮▮▮ other competing products (referred to in this Complaint as the "Infringing Goods").

48. Defendants' activities are likely to cause and actually are causing confusion, mistake and deception among members of the trade and the general consuming public as to the origin and quality of the Infringing Goods.

49. The actions described above, including the knowing and willful continued use of the infringing mark constitute counterfeiting and infringement of the Plaintiffs' Marks in violation of Plaintiff's rights under § 32 of the Lanham Act, 15 U.S.C. § 1114.

50. Plaintiffs have suffered and will continue to suffer irreparable injury due to Defendants' above-described activities if Defendants are not permanently enjoined from their violations.

51. Absent the entry of an injunction by this Court, Plaintiffs will continue to suffer irreparable injury to its goodwill and business reputation as well as monetary damages.

## Second Cause of Action
## Lanham Act – False Designation of Origin

52. Plaintiff repeats, re-alleges and incorporates by reference all relevant allegations and Exhibits described above in this Complaint, as if they were fully set forth here.

53. Defendants' infringing Goods offered for sale and sold using Plaintiffs' Marks have been widely advertised and distributed throughout the United States.

54. Defendants offered for sale and sold inferior products using the Plaintiffs' Marks in a manner that is confusingly similar.

55. Upon information and belief, the Defendants' Counterfeit and Infringing Goods are different, and, are inferior in quality to those of the Plaintiff.

56. Defendants' activities are likely to cause confusion in the trade and among the general public as to at least the origin or sponsorship of their Infringing Goods.

57. Defendants have used in connection with their sale of the Counterfeit Goods, false designations of origin and false descriptions and representations, including words or other symbols and trade dress which tend to falsely describe or represent such goods and have caused such goods to enter into commerce with full knowledge of the falsity of such designations of origin and such descriptions and representations, all to the detriment of Plaintiffs and in violation of the Lanham Act and other provisions of Federal and New York law.

58. Defendants engaged in and authorized others to engage in infringing uses of the Plaintiffs' Marks, in Defendants' advertisement, websites, social media and/or other promotion of their Infringing Goods marketed and branded with Plaintiffs' Marks.

59. Defendants misrepresented to members of the consuming public that the Infringing Goods being advertised and sold by them are genuine, non-infringing goods.

60. Defendants above-described actions are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a), and other relevant provisions of Federal and New York law.

61. Defendants' unlawful actions have individually, and jointly with other Parties, caused and are continuing to cause unquantifiable damages to Plaintiffs and are unjustly enriching Defendants at Plaintiffs' expense.

62. Plaintiffs have suffered and will continue to suffer irreparable injury due to Defendants' above-described activities if they are not permanently enjoined.

63. Absent the entry of an injunction by this Court, Plaintiffs will continue to suffer irreparable injury to its goodwill and business reputation as well as monetary damages.

### Third Cause of Action
### Common Law Unfair Competition

64. Plaintiff repeats, re-alleges and incorporates by reference all relevant allegations and Exhibits described above in this Complaint, as if they were fully set forth here.

65. This is an action against Defendants based on their promotion, advertisement, distribution, sale and/or offering for sale of the Infringing Goods.

66. Specifically, Defendants are promoting and otherwise advertising, selling, offering for sale and distributing Infringing Goods using the ▮▮▮▮▮▮ Mark.

67. Defendants' infringing activities are likely to cause and actually are causing confusion, mistake and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' products by their use of the ▮▮▮▮▮▮ Mark.

68. Plaintiffs have no adequate remedy at law and are suffering irreparable injury as a result of the Defendants' actions.

## Fourth Cause of Action
**Tortious Interference**

69. Plaintiff repeats, re-alleges and incorporates by reference all relevant allegations and Exhibits described above in this Complaint, as if they were fully set forth here.

70. Plaintiff had business relationships with third parties including but not limited to Shopify, eBay, Amazon and other online sales platforms; as well as their customers.

71. Plaintiffs had business relationships with other third parties including authorized sellers of the Plaintiff's products.

72. ███████████████████████ had actual knowledge of the Plaintiffs' relationship, including through the existence of listings with eBay, Amazon, and Shopify; as well as the existence of authorized product listings by authorized third-party sellers.

73. Defendants used and are using illegal and improper means to interfere with these relationships include ███████████████████████████████████████████████████████████████████████████████.

74. ███████████████████████████████████████████████████████████████████████████████████

*[Remainder of Page Intentionally Left Blank]*

**WHEREFORE**, Plaintiffs respectfully pray for a judgment by this Honorable Court for the following relief:

A. Preliminarily and permanently restraining Defendants, their employees, agents and representatives, and all persons acting in concert or in participation with them, from using on or in connection with any business, service, or the sale, offering for sale, distribution, advertising, promotion, labeling or packaging, of any services or any goods, or from using for any commercial purpose whatsoever under the ▇ ▇ Mark or any colorable imitation or confusingly similar Mark;

B. Requiring Defendants to deliver up to the Court for destruction, or to show proof (upon the oath of Defendants made subject to penalty of perjury) of said destruction, any and all items which bear or depict in any manner the ▇ ▇ Mark or any colorable imitation or confusing similar Mark;

C. Directing the Defendants to recall from any and all channels of distribution any products bearing any matter or materials in violation of any injunction entered herein or bearing or depicting the ▇ Mark or any colorable imitation or confusingly similar Mark;

D. Seizure all competing domains used for the infringement and to deliver those domains to the Plaintiff;

E. Enjoining Defendants from any further interference in the Plaintiff's lawful business activities, from continuing the infringing application to the USPTO; and to stop making threats against the Plaintiff;

F. Awarding to Plaintiffs its actual, compensatory, consequential, and incidental damages, in an as yet undetermined amount, resulting from the acts of Defendants

        complained of herein, including statutory fees and legal fees to the extent permitted by law in an amount of not less than two million dollars ($2,000,000.00) against each Defendant for willful infringement, and exemplary damages;

G. Ordering eBay, Shopify, Amazon and any other platform aware of the Order to freeze any sales of the unlawful activities;

H. ██████████████████████████████████████████

H. Awarding Plaintiffs prejudgment and post-judgment interest on any monetary award according to the maximum allowable legal rate; and

I. Awarding Plaintiffs such other and further relief as this Court may deem just and proper.

**PLAINTIFFS HEREBY DEMANDS A TRIAL BY JURY**

Dated this 22nd day of May 2025

RESPECTFULLY SUBMITTED,

By: *[signature]*

Baruch S. Gottesman, Esq.
New York Bar No. 4480539
GOTTESMAN LEGAL PLLC
11 Broadway, Suite 615
New York, NY 10004
Phone: (212) 401-6910
bg@gottesmanlegal.com