# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

**HERBAL SUPPLEMENTS LLC,**

                    Plaintiff,

~ *versus* ~

(i.)     **MOHAMMAD SWILAM**;
(ii.)    **PISTEST INC.**;
(iii.)   **ASHFIAT ALHARAMAIN INC.**;
(iv.)    **QUICK_MARKET22**;
(v.)     **SAMEH MOHAMED SHABAN**;
(vi.)    **GLOBAL WHSL USA LLC**;
(vii.)   **THEPANTHERSHONEY**;
(viii.)  **KEETECH1**;
(ix.)    **ESTIVO ASHFIAT formerly known as ELNAS_1064**;
(x.)     **MUSHTAQ4620**;
(xi.)    **MASSA PLAZA**;
(xii.)   **ASHFIAT_RD**;
(xiii.)  **MEDINA-5352**;
(xiv.)   **STARZ TRADING FZE**; *and*
(xv.)    **CONCEPTION FOR HER**,

                    Defendants.

**Case No.** _1:25-cv-2882_

**FIRST AMENDED COMPLAINT
FOR TRADEMARK INFRINGEMENT**

**JURY TRIAL DEMANDED**

---

**COMES NOW** the Plaintiff **HERBAL SUPPLEMENTS LLC**, by and through Counsel, **BARUCH S. GOTTESMAN, ESQ.** of GOTTESMAN LEGAL PLLC with their First Amended Complaint against the Defendants: (i.) **MOHAMMAD SWILAM**; (ii.) **PISTEST INC.**; (iii.) **ASHFIAT ALHARAMAIN INC.**; (iv.) **SAMEH MOHAMED SHABAN**; (v.) **QUICK_MARKET22**; (vi.) **GLOBAL WHSL USA LLC**; (vii.) **THEPANTHERS-HONEY**; (viii.) **KEETECH1**; (ix.) **RESTIVO ASHFIAT** *formerly known as* **ELNAS_1064**; (x.) **VIVASECRETUSA**; (xi.) **MUSHTAQ4620**; (xii.) **MASSA PLAZA**; (xiii.) **ASHFIAT_RD.**; (xiv.) **MEDINA-5532**; (xv.) **STARZ TRADING FZE**; *and* (xvi.) **CONCEPTION FOR HER**, and does respectfully allege:

# I. NATURE OF THIS ACTION

Narrated Ibn 'Abbas:

The Prophet said,
"Healing is in three things: . . . a gulp of honey . . . ."

*Sahih Bukhari, Vol. 7, Book 71, No. 585*
*Available online at*
*https://www.iium.edu.my/deed/hadith/*
*bukhari/071_sbt.htm*

1. For centuries, cultures around the world prized honey for use in traditional medicine, as a men's health supplement, and as a health-conscious alternative to refined sugars.

2. Plaintiff is the assignee of the rights to market and enforce rights in the USPTO Registered Trademark – **ASHFIAT ALHARAMAIN** – which has blossomed in popularity with significant and growing amounts of sales in the United States, including with the quickly growing American-Muslim market, as shown below:



3.     Plaintiff is the authorized holder of the Trademark with authority to enforce the Mark for a wide array of honey products and brands as bulk sales to health food stores, wholesale distribution to community groceries, and delivery to specialty sales outlets across the United States.

4.     The Plaintiff's products are widely available for sale at specialty food shops, including here in this District, in the shadow of the Cadman Plaza Courthouse.

5.     Plaintiff working with its partner companies distributes products using the Mark through Walmart, eBay and other third platforms as well as through its independent website and direct sales.

6.     The Plaintiff's careful attention to quality and purity, as well as its bold Registered Trademarks has established **ASHFIAT ALHARAMAIN** as the gold standard for honey as a men's herbal supplement in the United States market.

7.     The Defendants, being aware of the commercial success of Plaintiff's brand are engaged in infringing sales using the Plaintiff's Mark throughout the United States, including in this District.  Some of the Defendants have also proactively endeavored to interfere in the Plaintiff's business activities.

8.     Even as this lawsuit proceeds, the Defendants continue to sell infringing and unauthorized products.

9.     Plaintiff has been left with no option but to seek this Court's intervention to vindicate their rights to enforce ownership of the Mark, to stop the onslaught of infringement, and to obtain a permanent injunction that the Defendants cease their violation of the trademark.

10.     In support of this Second Amended Complaint, the Plaintiff respectfully alleges as follows:

## II.    THE PARTIES

*i.    Plaintiff and their Intellectual Property*

11.    Plaintiff **HERBAL SUPPLEMENTS LLC** ("**Herbal**") is a limited liability company organized and existing under the laws of the State of New Jersey.

12.    To the extent that it is relevant for diversity purposes, Herbal Supplements LLC is a resident of the United Arab Emirates and not of any state in the United States.

13.    Herbal has been assigned rights by the owner of the Trademark for marketing and sales in the United States, and the owner of the Trademark has authorized Herbal Supplements to serve as its agent for the purpose of enforcing infringement of the Mark in the United States.

14.    The Ashfiat Alharamain related Marks at issue include:

| Mark | U.S. Serial Number | Trademark Status |
|:---:|:---:|:---:|
|  | **7425073** | Registered |
|  | **7918048** | Registered |

| | | |
|---|---|---|
|  | **98660485** | *<u>Pending</u>*<br>*Publication for Opposition*<br>*expected in late 2025* |
| ASHFIAH<br><br>أشفيه | **7897257** | *Registered* |
| Roni<br>Almadinah<br>رونـى المدينه | **7897260** | *Registered* |

**b.    Defendants**

15.    Defendant **MOHAMMED SWILAM** ("Swilam") is, upon information and belief, a natural person resident at Wesley Chapel, in the County of Pasco, in the State of Florida. For diversity purposes, upon information and belief, Swilam is a resident of the State of Florida and not of any other state.

16.    Defendant **PISTEST INC.** ("Pistest") is a corporation organized and existing under the laws of the State of Florida, with its principal place of business located in Wesley Chapel, Pasco County, Florida. For diversity purposes, upon information and belief, PISTEST is a citizen of the State of Florida and not of any other state.

17.    A complete, true and accurate copy of Pistest's Articles of Incorporation, as maintained by the Florida Department of State, is annexed as Exhibit A.

18.    Upon information and belief, Swilam is the sole shareholder and sole executive of Pistest. A complete, true and accurate copy of the 2025 Annual Report of Pistest, as maintained by the Florida Department of State, which identifies Swilam as Pistest's sole officer is annexed as Exhibit B.

19.    On April 29, 2025, Defendant Pistest filed an application with the USPTO to trademark the term ASHFIAT ALHARAMAIN in relation to goods in Class 29, namely "fig and date roll consisting of dried fruits, nuts, and spices; processed dates; dried dates; dates, processed."

20.    A complete, true and accurate copy of the USPTO application described above and which has been assigned Serial Number 99160389 is annexed as Exhibit C.

21.    On September 23, 2025, the USPTO issued an Office Action, in which the Examiner determined that the purported Mark (99160389) conflicted with the Plaintiff's trademark

Registration No. 7425073 under Section 2(d) of the Lanham Act. A complete, true and accurate copy of the Office Action is annexed as Exhibit D.

22. Pistest filed a document with the USPTO on September 26, 2025, which was deemed to be non-responsive on November 12, 2025. Pistest then filed a second response on November 12, 2025, which did not address the conflict issue.

23. Further, Defendant PISTEST has attempted to register itself as an authorized seller of products bearing the Mark ASHFIAT ALHARAMAIN on Walmart.com and other e-commerce platforms by relying on the pendency of its bogus trademark application.

24. In addition, the Defendant Pistest is selling Plaintiff goods under his website https://pistestusa.com/, screen shot of which is displayed below.



Excerpt from the pistestusa.com website

25. A complete, true and accurate screenshot of the pistest.com website as it appeared on October 30, 2025, and as archived that same day is annexed as Exhibit E, and available online at https://web.archive.org/web/20251030191839/https://pistestusa.com/ (last checked Oct. 30, 2025).

26. In addition, Pistest maintains a shop with Walmart which sells infringing products at https://www.walmart.com/ip/Restivo-Ashfiat-Ginseng-Peanut-Butter-Date-Molasses-

Blend-with-Roasted-Peanuts-Palm-Oil-250g-8oz/17121306090?classType=REGULAR (last checked November 23, 2025).

27.    A complete, true and accurate screenshot of the walmart.com store which states that it is "Sold and shipped by Pistest" as it appeared on November 23, 2025 is available as Exhibit F and displayed in part here:



Excerpt from Exhibit F showing Pistest's Misuse of the Plaintiff's Trademark
and that the infringing product is sold and shipped by Pistest

28.    Defendant **ASHFIAT ALHARAMAIN INC.** ("**AAI**") is a corporation organized and existing under Florida law whose principal place of business is Wesley Chapel, in the County of Pasco in the State of Florida.  For diversity purposes, upon information and belief, **AAI** is a citizen of the State of Florida and not of any other state.

29.    A complete, true and accurate copy of AAI's Articles of Incorporation, as maintained by the Florida Department of State, is annexed as Exhibit G.

30.     Upon information and belief, Swilam is the sole shareholder and sole executive of AAI.  The basis for this allegation includes, but is not limited to, the listing of Swilam as the sole officer on AAI's incorporation documents.

31.     Upon information and belief, AAI was set up to exploit the Plaintiff's Mark by using the name in the corporate name and to engage in willful infringement of the Marks.

32.     Defendant **SAMEH MOHAMMED SHABAN ("SHABAN")** is upon information and belief a natural person resident at Tampa in the County of Hillsborough in the State of Florida

33.     Defendant **QUICK_MARKET22** is upon information and belief an assumed name, wholly owned company of or otherwise an alter ego of Defendant **SAMEH MOHAMMED SHABAN** ("SHABAN").

34.     Defendant **GLOBAL WHSL USA LLC ("GLOBAL")** is upon information and belief a limited liability company organized and existing under Delaware law. Upon information and belief, Global is wholly owned by or otherwise an alter ego of Defendant **SAMEH MOHAMMED SHABAN** ("SHABAN").

35.     Upon information, Defendants Shaban, Quick_Market22, Global and Shaban are resident at Tampa in the County of Hillsborough in the State of Florida.  For diversity purposes, upon information and belief, Shaban, Quick_Market22  and Global are citizens of the State of Florida and not of any other State.

36.     A complete, true and accurate screenshot of the Quick_Market22 ebay store showing the infringement is annexed as Exhibit H and shown in part below.



Excerpt from Exhibit H showing Quick_Market22, Shaban and WHSL USA LLC's
Misuse of the Plaintiff's Trademark

37.     Complete, true, and accurate copies of some of the individual infringing product listings by Quick_Market22, are annexed as Exhibit I and incorporated by reference.

38.     Defendant **THEPANTHERSHONEY** is upon information and belief an assumed name or wholly owned company of some individual.  Upon information and belief, ThePanthersHoney is for diversity purposes a citizen of a State of United States other than New Jersey.

39.     A complete, true and accurate screenshot of the ThePanthersHoney ebay store showing the infringement is annexed as Exhibit J and shown in part here:



Excerpt from Exhibit J showing ThePanthersHoney's
Misuse of the Plaintiff's Trademark

40.     Defendant **KEETECH1** is upon information and belief, an assumed name or wholly owned company of some individual.  Upon information and belief, Keetech1 is for diversity purposes a citizen of a State of United States other than New Jersey.

41.     A complete, true and accurate screenshot of the Keetech1 ebay store showing the infringement is annexed as Exhibit K and shown in part here:



Excerpt from Exhibit K showing Keetech1 's Misuse of the Plaintiff's Trademark

42.     Defendant **RESTIVO ASHFIAT** *formerly known as* **ELNAS_1064** is upon information and belief, an assumed name or wholly owned company of Defendant Swilam. Upon information and belief, Restivo Ashfiat is for diversity purposes a citizen of Florida.

43.     A complete, true and accurate screenshot of the RESTIVO ASHFIAT ebay store showing the infringement is annexed as Exhibit L and shown in part below.



Excerpt from Exhibit L showing Restivo Ashfiat's Misuse of the Plaintiff's Trademark

44.     Complete, true, and accurate copies of some of the individual infringing product listings by RESTIVO ASHFIAT, formerly known as ELNAS_1064, are annexed as Exhibit M.

45.     Defendant **VIVASECRETUSA** is upon information and belief, an assumed name or wholly owned company of some individual. Upon information and belief, Vivasecret is for diversity purposes a citizen of a State of United States other than New Jersey.

46.     A complete, true and accurate screenshot of the VIVASECRET ebay store showing the infringement is annexed as Exhibit N and shown in part below.



Excerpt from Exhibit N showing VivaSecret's Misuse of the Plaintiff's Trademark

47.     Defendant **MUSHTAQ4620** is upon information and belief, an assumed name or wholly owned company of some individual.  Upon information and belief, Mushtaq4620 is for diversity purposes a citizen of a State of United States other than New Jersey.

48.     A complete, true and accurate screenshot of the MUSHTAQ4620 ebay store showing the infringement is annexed as Exhibit O and shown in part below.



Excerpt from Exhibit O showing Mushtaq4620's Misuse of the Plaintiff's Trademark

49.     Defendant **MASSA PLAZA** is, is upon information and belief, an assumed name or wholly owned company of Defendant Swilam.  Upon information and belief, Massa Plaza is for diversity purposes a citizen of Florida.

50.     A complete, true, and accurate screenshot of the MASSA PLAZA eBay store showing the infringement is annexed as Exhibit P and shown in part below.



Excerpt from Exhibit P showing Massa Plaza's Misuse of the Plaintiff's Trademark

51.     Defendant **ASHFIAT_RD** is upon information and belief, an assumed name or wholly owned company of some individual.  Upon information and belief, Ashfiat_Rd is for diversity purposes a citizen of a State of United States other than New Jersey.

52.     A complete, true, and accurate screenshot of the ASHFIAT_RD Instagram page through which sales are promoted is annexed as Exhibit Q and shown in part below.



Excerpt from Exhibit Q showing Ashfiat_Rd's Misuse of the Plaintiff's Trademark

53.     Defendant **MEDINA-5352** is upon information and belief, an assumed name or wholly owned company of some individual.  Upon information and belief, Medina_5352 is for diversity purposes a citizen of a State of United States other than New Jersey.

54.     A complete, true, and accurate screenshot of the Medina_5352's eBay store showing the infringement is annexed as Exhibit R and shown in part below.



Excerpt from Exhibit R showing Medina_5352 Misuse of the Plaintiff's Trademark

55.     Defendant **STARZ TRADING FZE** is upon information and belief, an assumed name or wholly owned company of some individual.  Upon information and belief, Starz Trading FZE is for diversity purposes a citizen of a state other than New Jersey.

56.     A complete, true, and accurate screenshot of the STARZ TRADING FZE store showing the infringement is annexed as Exhibit S and shown in part below.



Excerpt from Exhibit S showing Starz Trading FZE's Misuse of the Plaintiff's Trademark

57.     Defendant **CONCEPTION FOR HER** is upon information and belief, an assumed name or wholly owned company of some individual.   Upon information and belief, Conception for Her is for diversity purposes a citizen of a State of United States other than New Jersey.

58.     A complete, true, and accurate screenshot of the CONCEPTION FOR HER store showing the infringement is annexed as Exhibit T and shown in part below.



Excerpt from Exhibit T showing Starz Trading Conception for Her's Misuse of the Plaintiff's Trademark

59. Each of the Defendants operate in and offer for sale infringing products in New York.

## JURISDICTION AND VENUE

60. This is an action for federal trademark infringement and false designation of origin pursuant to 15 U.S.C. §§ 1114, 1116, 1117 and 1125(a) and other relevant provisions of federal trademark law; as well as unfair competition and interference with business advantage under New York's common law.

61. This Honorable Court has subject matter jurisdiction over the dispute pursuant to 15 U.S.C. § 1121; as well as 28 U.S.C. §§ 1331, 1332 and 1338, and other relevant provisions of federal law.

62. This Honorable Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the accompanying state law claims because those claims are so related to the federal claims that they form part of the same case or controversy.

63. Defendants are subject to personal jurisdiction in the Eastern District of New York district, because they direct their business activities at issue in this First Amended Complaint toward consumers within the State of New York and the Eastern District of New York, in particular. This direction of business activity includes but is not limited to the advertisement, offering for sale, and selling of infringing products to consumers in New York and in the Eastern District of New York, and the fulfillment of test sales in the State of New York.

64. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 since Defendants are causing harm to the Plaintiff within this district. Defendants have also transacted business in this District at issue in this First Amended Complaint including but not limited to the

advertisement, offering for sale, and selling infringing products to consumers in the Eastern District of New York, and the fulfilment of test sales in this District.

## **FACTUAL BACKGROUND**

### *i.*    *Background of Ashfiat Alharamain*

65.    For millennia, traditional cultures prized honey for men's health and female fertility, *See, e.g.*, Mehrdad Karimi, RELATIONSHIP BETWEEN MALE SEXUAL DYSFUNCTION, FERTILITY POWER AND HEART FUNCTION: AVICENNA'S STANDPOINT, Traditional and Integrative Medicine, Vol. 1, Issue 2 (Tehran Univ. of Med. Sciences 2024) available online at https://jtim.tums.ac.ir/index.php/jtim/article/download/1055/401/ (review of attitudes to honey and fertility in traditional cultures and as attested to in traditional Islamic medicine).

66.    Given the health risks of working with unscrupulous sellers that adulterate their product, honey is an especially sensitive health supplement product where the purity of product and the reputation in the marketplace is everything.

67.    For this reason, the Plaintiff's business is heavily reliant on their reputation developed over many years through responsible manufacturing and distribution, and consumers rely on the consistent branding and use of Marks to ensure the purity of the honey they buy.

68.    Even a whiff of scandal or an allegation that a honey men's health supplement product is adulterated with pharmaceuticals can be devastating to the accused and can cause irreparable damage to their business.

### *ii.*    *Swilam's Bogus Trademark Application and Corporation Name*

69.    Without Plaintiff's knowledge, on April 29, 2025, Defendant Swilam (under "Pistest") filed for the recognition by the USPTO Trademark Serial No 99160389 of the

Mark "ASHFIAT ALHARAIM" for foods targeted toward the observant Muslim market, namely: "Fig and date roll consisting of dried fruits, nuts, and spices; Processed dates; Dried dates; Dates, processed", which are used in breaking the fast on Ramadan and for other occasions in various cultures. Upon examination by the USPTO, an Office Action dated September 23, 2025 was issued to the Defendant, in which the Plaintiff's trademark Registration No. 7425073 was cited as a conflicting mark under Section 2(d) of the Lanham Act.

70.　　That application (the "Infringing Mark") was filed with actual knowledge of the Plaintiff's IP and with the intent to exploit the good will and reputation of the Plaintiff for the sale of competing and similar products and goods.

71.　　In addition, on April 3, 2025, Swilam filed to create a corporation under Florida law with the name "ASHFIAT ALHARAMAIN INC" with the intent to use the corporate name to infringe the Plaintiff's IP rights.

72.　　On and through April and May 2025, and continuing until today , Defendant Swilam (or someone acting on behalf of and at the direction of Defendant Swilam) contacted the Plaintiff's representative through telephone calls, WhatsApp video chat, and WhatsApp messages. In those messages that individual threatened the Plaintiff to discontinue the sales and marketing of products under the name Ashfiat Alaharamain and for the Plaintiff to hand over the IP and related business under the threat that unlawful financial and other harm would be done to the Plaintiff.

73.　　As part of the campaign to interfere with the Plaintiff's business and the owner's legitimate ownership of the Mark, on November 19, 2025, Swilam filed a cancellation proceeding against the ASHFIAT ALHARAMAIN trademark with TTAB under file number 92090146, based on Trademark Act Sections 14(1) and 2(e)(1), Trademark Act Sections 14(3) and 2(a) and Trademark Act Section 14(3).

### iii    *All Defendants' Infringing Sales*

74.     All of the Defendants are currently engaged in the sale of products while infringing the Plaintiff's Mark as shown above with respect to each Defendant.

75.     Upon information and belief, those other Defendants are related to and/or are selling products through or with Swilam and/or related parties such that joinder is proper.

*[Remainder of Page Intentionally Left Blank]*

## First Cause of Action
## Lanham Act – Counterfeiting and Infringement

76.     Plaintiff repeats, re-alleges and incorporates by reference all relevant allegations described above in this First Amended Complaint, as if they were fully set forth here.

77.     This is an action for trademark infringement against Defendants based on their use of counterfeit and confusingly similar imitations of goods bearing the Ashfiat Alharamain Marks in commerce in connection with the promotion, advertisement, distribution, sale and offering for sale of honey and related products.

78.     Defendants are promoting and otherwise advertising, selling, offering for sale and distributing Honey products that infringe on Plaintiff's Marks. Defendants are continuously infringing the Plaintiff's Marks by using the "Ashfiat Alharamain" Marks to advertise, promote, and sell honey and other competing products (referred to in this First Amended Complaint as the "Infringing Goods").

79.     Defendants' activities are likely to cause and actually are causing confusion, mistake and deception among members of the trade and the general consuming public as to the origin and quality of the Infringing Goods.

80.     The actions described above, including the knowing and willful continued use of the infringing mark constitute counterfeiting and infringement of the Plaintiff's Marks in violation of Plaintiff's rights under § 32 of the Lanham Act, 15 U.S.C. § 1114.

81.     Plaintiff has suffered and will continue to suffer irreparable injury due to Defendants' above-described activities if Defendants are not permanently enjoined from their violations.

82.     Absent the entry of an injunction by this Court, Plaintiff will continue to suffer irreparable injury to its goodwill and business reputation as well as monetary damages.

## Second Cause of Action
## Lanham Act – False Designation of Origin

83.     Plaintiff repeats, re-alleges and incorporates by reference all relevant allegations and Exhibits described above in this First Amended Complaint, as if they were fully set forth here.

84.     Defendants' infringing Goods offered for sale and sold using Plaintiff's Marks have been widely advertised and distributed throughout the United States.

85.     Defendants offered for sale and sold inferior products using the Plaintiff's Marks in a manner that is confusingly similar.

86.     Upon information and belief, the Defendants' Counterfeit and Infringing Goods are different, and, are inferior in quality to those of the Plaintiff.

87.     Defendants' activities are likely to cause confusion in the trade and among the general public as to at least the origin or sponsorship of their Infringing Goods.

88.     Defendants have used in connection with their sale of the Counterfeit Goods, false designations of origin and false descriptions and representations, including words or other symbols and trade dress which tend to falsely describe or represent such goods and have caused such goods to enter into commerce with full knowledge of the falsity of such designations of origin and such descriptions and representations, all to the detriment of Plaintiff and in violation of the Lanham Act and other provisions of Federal and New York law.

89.     Defendants engaged in and authorized others to engage in infringing uses of the Plaintiff's Marks, in Defendants' advertisement, websites, social media and/or other promotion of their Infringing Goods marketed and branded with Plaintiff's Marks.

90.     Defendants misrepresented to members of the consuming public that the Infringing Goods being advertised and sold by them are genuine, non-infringing goods.

91. Defendants above-described actions are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a), and other relevant provisions of Federal and New York law.

92. Defendants' unlawful actions have individually, and jointly with other Parties, caused and are continuing to cause unquantifiable damages to Plaintiff and are unjustly enriching Defendants at Plaintiff's expense.

93. Plaintiff has suffered and will continue to suffer irreparable injury due to Defendants' above-described activities if they are not permanently enjoined.

94. Absent the entry of an injunction by this Court, Plaintiff will continue to suffer irreparable injury to its goodwill and business reputation as well as monetary damages.

**Third Cause of Action**
**Common Law Unfair Competition**

95. Plaintiff repeats, re-alleges and incorporates by reference all relevant allegations and Exhibits described above in this First Amended Complaint, as if they were fully set forth here.

96. This is an action against Defendants based on their promotion, advertisement, distribution, sale and/or offering for sale of the Infringing Goods.

97. Specifically, Defendants are promoting and otherwise advertising, selling, offering for sale and distributing Infringing Goods using the Ashfiat Alharamain Mark.

98. Defendants' infringing activities are likely to cause and actually are causing confusion, mistake and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' products by their use of the Ashfiat Alharamain Mark.

99.     Plaintiff has no adequate remedy at law and are suffering irreparable injury as a result of the Defendants' actions.

**Fourth Cause of Action**
**Tortious Interference**

100.     Plaintiff repeats, re-alleges and incorporates by reference all relevant allegations and Exhibits described above in this First Amended Complaint, as if they were fully set forth here.

101.     Plaintiff had business relationships with third parties including but not limited to Shopify, eBay, Amazon and other online sales platforms; as well as their customers.

102.     Plaintiff had business relationships with other third parties including authorized sellers of the Plaintiff's products.

103.     Swilam and the other Defendants had actual knowledge of the Plaintiff's relationship, including through the existence of listings with eBay, Amazon, and Shopify; as well as the existence of authorized product listings by authorized third-party sellers.

104.     Defendants used and are using illegal and improper means to interfere with these relationships include false USPTO applications and unlawful threats of financial and other damages to the Plaintiff if they do not cease to engage in their lawful business activities.

105.     Defendants' tortious interference caused damage to the Plaintiff including through the misuse of the Marks, the pending USPTO application and the ongoing threats against the Plaintiff.

**WHEREFORE**, Plaintiff respectfully prays for a judgment by this Honorable Court for the following relief:

A. Preliminarily and permanently restraining Defendants, their employees, agents and representatives, and all persons acting in concert or in participation with them, from using on or in connection with any business, service, or the sale, offering for sale, distribution, advertising, promotion, labeling or packaging, of any services or any goods, or from using for any commercial purpose whatsoever under the Ashfiat Alharamain Marks or any colorable imitation or confusingly similar Mark;

B. Requiring Defendants to deliver up to the Court for destruction, or to show proof (upon the oath of Defendants made subject to penalty of perjury) of said destruction, any and all items which bear or depict in any manner the Ashfiat Alharamain Mark or any colorable imitation or confusing similar Mark;

C. Directing the Defendants to recall from any and all channels of distribution any products bearing any matter or materials in violation of any injunction entered herein or bearing or depicting the Ashfiat Alharamain Mark or any colorable imitation or confusingly similar Mark;

D. Seizure all competing domains used for the infringement and to deliver those domains to the Plaintiff;

E. Enjoining Defendants from any further interference in the Plaintiff's lawful business activities, from continuing the infringing application to the USPTO; and to stop making threats against the Plaintiff;

F. Awarding to Plaintiff its actual, compensatory, consequential, and incidental damages, in an as yet undetermined amount, resulting from the acts of Defendants

complained of herein, including statutory fees and legal fees to the extent permitted

by law in an amount of not less than two million dollars ($2,000,000.00) against

each Defendant for willful infringement, and exemplary damages;

G.  Ordering eBay, Shopify, Amazon and any other platform aware of the Order to

freeze any sales of the unlawful activities;

H.  Order to Cancel the Trademark Serial No. 99160389 filed by the Pistest Inc.

I.  Awarding Plaintiff prejudgment and post-judgment interest on any monetary award

according to the maximum allowable legal rate; and

J.  Awarding Plaintiff such other and further relief as this Court may deem just and

proper.


**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY**
**FOR ALL TRIABLE ISSUES**


Dated this 24th day of November, 2025


RESPECTFULLY SUBMITTED,

By:

Baruch S. Gottesman, Esq.
New York Bar No. 4480539
GOTTESMAN LEGAL PLLC
11 Broadway, Suite 615
New York, NY 10004
Phone: (212) 401-6910